UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the Greater St. Louis Construction Laborers Welfare Fund; CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers Pension Trust of Greater St. Louis; ST. LOUIS VACATION FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the St. Louis Vacation Fund; CONSTRUCTION LABORERS & CONTRACTORS TRAINING FUND OF EASTERN MISSOURI, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers & Contractors Training Fund of Eastern Missouri; and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, | Case No. |
| Plaintiffs, | |
| v. | |
| AZTEC CONSTRUCTION SPECIALTIES, LLC, | |
| Defendant. | |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Welfare Fund is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502

of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Vacation Fund is the Plan Sponsor of the Vacation Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Aztec Construction Specialties, LLC, hereinafter referred to as "Defendant," is an Illinois limited liability corporation in good standing, that conducts business within this judicial district, and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12), and 1145, and Sections 2(2), (6), and (7) of the LMRA, as amended, 29 U.S.C. §§152(2), (6), and (7).

7. This Court has jurisdiction by reason of Sections 502(a)(3), (a)(3)(ii), and 515 of ERISA, as amended, §§1132(a)(3), (a)(3)(ii), and 1145, and Section 301(a) of the LMRA, as amended, 29 U.S.C. §185(a).

8. At all times material, Defendant was bound by the provisions of a collective bargaining agreement ("CBA") requiring the submission of monthly report forms and if applicable, monthly payments, to the Welfare, Pension, Vacation, and Training Funds and other non-ERISA funds in specified amounts.

9. The CBA referenced in paragraph 8 requires Defendant to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10. The CBA referenced in paragraph 8 and the governing documents of the Funds provide that Plaintiffs shall be entitled to perform a financial examination of Defendant's books and records periodically to ensure that employee benefit payments have been properly made in accordance with the terms of the CBA.

11.     Plaintiffs' third-party auditors conducted a payroll examination of Defendant's records for the period of October 1, 2018 through March 31, 2022. That payroll examination reflected that Defendant failed to report 3,229 hours of covered work.  As a result, it owes the Plaintiffs $55,712.16 in contributions on which is owed $11,142.43 in liquidated damages and $3,890.47 in supplemental dues on which is owed $778.09 in liquidated damages. Interest at the federal underpayment rate continues to accrue on the amounts owed.

12.     The Plaintiffs were charged $2,739.00 in audit costs by the auditor.

13.     In addition to the audit amounts, Defendant owes additional amounts for the time period subsequent to the audit for two employees who performed covered work but for whom no contributions were paid:  Cesar Torres Sr. and Justiniano Troches.  Based on certified payroll records for the months of March 2022 through October 2022, the Defendant failed to pay contributions on these two individuals for 1,587 hours.  As a result, Defendant owes $28,518.39 in contributions on which is owed $5,703.68 in liquidated damages and $1,998.51 in supplemental dues on which is owed $397.70 in liquidated damages.

14. Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' and accounting fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the plans' trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1.      For a judgment against defendant based upon the amounts found owing as a result of the audit, with interest at the federal underpayment rate calculated through the date of judgment;;

2.      For a judgment against defendant based upon the amounts owed based on the certified payroll records, with interest at the federal underpayment rate calculated through the date of judgment;

3.      For an Order requiring defendant to pay plaintiffs' reasonable attorneys' fees, accounting fees, and costs pursuant to 29 U.S.C. §1132(g);

4.      For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri  63131
Phone: (314) 727-1015
Fax:    (314) 727-6804

/s/ Janine M. Martin
JANINE M. MARTIN, #46465

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2023, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

/s/ Janine M. Martin