## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:23-cv-430-MTS |
| AZTEC CONSTRUCTION SPECIALTIES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment, Doc. [18]. For reasons discussed below, the Court grants in part and denies in part Plaintiffs' Motion.

\* \* \* \* \* \* \* \* \*

Plaintiffs bring this action against Defendant Aztec Construction Specialties, LLC pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g) and § 1145. The nine Plaintiffs in this action are Greater St. Louis Construction Laborers Welfare Fund (the "Welfare Fund"), Construction Laborers Pension Trust of Greater St. Louis (the "Pension Fund"), St. Louis Vacation Fund (the "Vacation Fund"), Construction Laborers & Contractors Training Fund of Eastern Missouri (the "Training Fund") (collectively, "the Funds"); the plan sponsors of each fund; and Local Unions Nos. 42 and 110 (the "Union"). Plaintiffs bring this to recover delinquent contributions owed to the Funds, which are employee benefit funds pursuant to ERISA. Specifically, Plaintiffs seek to recover delinquent contributions (plus interest), liquidated damages, attorneys' fees, court costs, and accounting fees owed pursuant to the ERISA, 29 U.S.C. § 1132(g)(2).  Doc. [1] ¶ 14.  The Clerk of Court previously entered default against Defendant, consistent with Fed. R. Civ. P. 55(a).  Doc. [16].  Plaintiffs now seek a default judgment.  Doc. [28].

1

Defendant has not responded to either the entry of default or Plaintiffs' Motion.

## I.     LEGAL STANDARD

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977)) (per curiam). Once default has been entered against a defendant, "the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs.*, 4:20-cv-808-SEP, 2020 WL 6483944, at *1 (E.D. Mo. Nov. 4, 2020) (quoting *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-2812-AGF, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018)). A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). Once the court determines the plaintiff stated a legitimate cause of action on a claim for an uncertain amount of damages, Federal Rule of Civil Procedure 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed. R. Civ. P. 55(b)(2). "With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages . . . attorneys' fees, and costs." *Gateway Constr. Servs.*, 2020 WL 6483944, at *2.

## II.    DISCUSSION

### A.  **Defendant's Liability**

At this stage, after the Clerk of Court has entered default against Defendant, the facts alleged in Plaintiffs' Complaint are "deemed to be true." *See Everyday Learning Corp. v. Larson*, 242 F.3d

815, 818 (8th Cir. 2001) (holding that when default judgment is entered on a claim for indefinite damages, facts alleged in the complaint are taken as true). Thus, the Court now considers whether the unchallenged facts in Plaintiffs' Complaint constitute a "legitimate cause of action" against Defendant. *Marshall*, 616 F.3d at 852 (citing *Murray*, 595 F.3d at 871).

Here, Plaintiffs seek to recover monetary damages under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), for delinquent contributions in violation of ERISA Section 515, 29 U.S.C. § 1145. To prove liability here, Plaintiffs must show Defendant is obligated, either under the terms of the plan or under the terms of a collective bargaining agreement (CBA), to make contributions. *See* 29 U.S.C. § 1145. Here, Plaintiffs allege Defendant is contractually obligated to remit contributions pursuant to the terms of two CBAs. Doc. [1] ¶ 8. While Plaintiffs allege Defendant is bound by the CBAs, the Court does not accept as true mere conclusions of law. *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).

In support of their Motion for Default Judgment, Plaintiffs present two CBAs as evidence that Defendant was obligated to make contributions. *See* Docs. [19-3] & [19-4]. On April 30, 2018, Defendant became signatory, Doc. [19-2], to a 2014–2019 Collective Bargaining Agreement ("the CBA") between Local Union Nos. 42, 53, and 110 and the Site Improvement Association ("SITE"), Doc. [19-3]. The CBA was effective through February 28, 2019. Doc. [19-3]. SITE and some of the Unions negotiated a successor CBA ("Successor CBA") effective from March 1, 2019, through February 29, 2024. Doc. [19-4]. On February 8, 2021, Defendant executed a Notice of Acceptance of the Successor CBA. Doc. [19-5].

The Court finds Defendant is liable for delinquent contributions from April 30, 2018, to February 28, 2019, *see* Docs. [19-2] & [19-3], and from February 8, 2021, to the date of the last requested delinquent contributions, *see* Docs. [19-5] & [19-4]. However, the Court finds Plaintiffs have not shown whether Defendant is liable for unpaid contributions from the period of February 28,

3

2019, to February 8, 2021.[1]  Put another way, Plaintiffs have not shown Defendant is contractually obligated to make contributions for a nearly two-year period in question.

In conclusion, Plaintiffs have stated a legitimate cause of action against Defendant, for the purposes of default judgment, during two periods of time: (1) April 30, 2018, to February 28, 2019, and (2) February 8, 2021, to the date of the last requested delinquent contributions.  For these two periods, the Court requests that Plaintiffs provide the Court with a subtotal, with supporting documentation, of the amount of delinquent contributions from each of the two periods.  The Court will also provide Plaintiffs an opportunity to show Defendant was contractually bound to the Successor CBA during February 28, 2019, to February 8, 2021, and thus, that Defendant is liable for delinquent payments during the time in question.

B. **Assessment of Damages**

Because the Court has partly determined Plaintiff stated legitimate causes of action against Defendant, the Court cannot fully determine the amount of damages.  The Court, however, makes a few notes on the issue of damages.

In support of damages, Plaintiffs provide an audit report showing delinquent contributions from six different funds.  *See* Doc. [19-6].  Yet, the Funds part of the action here are comprised of just four of those six funds.  Nonetheless, here, Plaintiffs request to recover delinquent contributions from all six funds.  Plaintiffs provide no explanation for this discrepancy.  Nor do Plaintiffs provide legal authority or supporting documentation that Plaintiffs are entitled to recover delinquent contributions from two funds not parties to this lawsuit, not mentioned in the

---

[1] Notably, Plaintiffs point to language in [19-2] to show Defendant was bound by the Successor CBA after the CBA expired in February 2019.  Doc. [19-2] (agreeing defendant will be "bound by all subsequent agreements, renewals, changes or extensions thereto made by the original parties, unless notice of termination is given to the Union . . . no less than sixty (60) days nor more than ninety (90) days prior to any termination date").  But, Plaintiffs do not allege nor does the evidence show that all of the "original parties" in [19-2] are part of the Successor CBA.  Plaintiffs also fail to point to any legal or statutory authority showing that this type of agreement automatically binds a party to a successive CBA.

Complaint, and not in any way referenced in the record or evidence before the Court.

Further, Plaintiffs seek damages for auditing costs and delinquent "supplemental dues," as well as liquidated damages and interest on the delinquent supplemental dues.  As Plaintiffs acknowledge, Doc. [19] at 5, ERISA allows a party to recover certain categories of damages in an action for delinquent contributions, as is here.  29 U.S.C. § 1132(g).  The statutory text contains no provision allowing these type of damage awards.[2]  Plaintiffs provide no case law or legal authority showing their entitlement to auditing costs and supplemental dues, including the related liquidated damages and interest.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [18], is **GRANTED** *in part* and **DENIED** without prejudice *in part*.  The Court grants Plaintiff's motion as to liability in part and concludes the issue of damages will be determined at a later date.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit briefing and supporting evidence to the Court in accordance with this Memorandum and Order by **August 21, 2023**.

Dated this 31st day of July, 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] The same is true as to any claim for delinquent contributions from some "non-ERISA funds," Doc. [1] ¶ 8.