UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-430-MTS ) |
| AZTEC CONSTRUCTION SPECIALTIES, LLC, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendant Aztec Construction Specialties, LLC. Doc. [18]. The Court previously denied in part and granted in part Plaintiffs' Motion for Default Judgment and allowed Plaintiffs to submit additional briefing and exhibits regarding liability and costs. *See Greater St. Louis Constr. Laborers Welfare Fund v. Aztec Constr. Specialties, LLC*, 4:23-cv-430-MTS, 2023 WL 4864567 (E.D. Mo. July 31, 2023).[1] In accordance with the Court's Memorandum and Order, Plaintiffs submitted a Supplemental Memorandum and supporting documents. *See* Docs. [25] & [25-1–25-6].

\* \* \* \* \* \*

As to liability, the Court finds that Plaintiffs have shown Defendant was contractually bound to make contributions during February 28, 2019, to February 8, 2021, because the original parties agreed to the Successor CBA and because Defendant did not give the Union notice of

---

[1] For a detailed version of the facts, see the Court's prior Memorandum and Order. *See Greater St. Louis Constr. Laborers Welfare Fund v. Aztec Constr. Specialties, LLC*, 4:23-cv-430-MTS, 2023 WL 4864567 (E.D. Mo. July 31, 2023).

1

termination between 60 and 90 days prior to February 28, 2019.² Doc. [19-2]; Doc. [19-1] ¶ 7; Doc. [25-1].  Thus, the Court concludes Plaintiffs have shown Defendant is liable for delinquent contributions under the terms of the two collective bargaining agreements (CBA) at issue here.

As to damages, the Court finds Plaintiffs have only partially proven damages here. Specifically, Plaintiffs have shown they are entitled to those damages recoverable under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g) and § 1145.  But, Plaintiffs seek several categories of damages <u>not</u> recoverable under ERISA, as Plaintiffs now concede "[n]one of the Supplemental Dues,³ LECET or SAF funds are ERISA funds." Doc. [25] at 6.  In support of recovery from these three categories, Plaintiffs point to language in the CBAs that authorize recovery of damages and interest from these non-ERISA funds.  *Id.*  But Plaintiffs did not assert a breach of contract claim in their Complaint nor provide the Court any legal or statutory mechanism under which these damages from non-ERISA funds are recoverable.⁴  Thus, it remains unclear whether Plaintiffs can recover damages from the non-ERISA funds based on the pleadings in the Complaint, *see* Fed. R. Civ. P. 54(c) ("A default judgment must not . . . exceed in amount[ ] what is demanded in the pleadings."), or under any statutory mechanism, for example, under the Labor Management Relations Act ("LMRA").⁵  The Court will provide Plaintiffs a third opportunity to show it is entitled to the requested relief here.

---

² Plaintiffs also submitted evidence of Defendant's conduct that manifested an intent to be bound.  Docs. [25-5] & [25-6].

³ Plaintiffs also seek liquidated damages and interest on the supplemental dues.

⁴ Plaintiffs only reference to the LMRA in their Supplemental Memorandum is one-sentence that states "Plaintiffs point out that their complaint included claims by . . . the Unions for violation of the underlying CBAs, in accordance with Section 302 of the Labor Management Relations Act. 29 U.S.C. § 186." Doc. [26] at 4.

⁵ Besides the one-sentence reference in Plaintiffs Supplemental Memorandum, Doc. [26] at 4, as the Court also noted in Footnote 4, Plaintiffs provide no briefing on the LMRA's legal authority here or point to any record evidence showing that the requested damages from non-ERISA funds are recoverable under the LMRA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [18], is **GRANTED** *in part* and **DENIED** without prejudice *in part* consistent with this Memorandum and Order.  The Court grants Plaintiffs' motion as to liability and concludes the issue of damages will be determined at a later date.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit additional briefing on the issue of damages in accordance with this Memorandum and Order by **September 1, 2023**.

Dated this 29th day of August, 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE